UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| DIANA DYSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO: 3:20-cv-134 |
| | ) | |
| HYDROMAX USA, LLC | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF THE CASE

1. This is an action brought by Plaintiff, Diana Dyson ("Dyson"), by counsel, against Defendant, Hydromax USA LLC ("Defendant"), for violating Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.*

### II. PARTIES

2. Dyson is a citizen of the United States, the State of Indiana, and, at all times relevant to this litigation, resided within the geographical boundaries of the Southern District of Indiana.

3. Defendant is a corporation that maintains offices and conducts business in the Southern District of Indiana.

### III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331 and 42 U.S.C. §2000e-5(f)(3).

5. Defendant is an "employer" as that term is defined by 42 U.S.C. §2000e(b).

6. At all times relevant to this action, Dyson was an "employee" as that term is defined by 42 U.S.C. §2000e(f).

7. Dyson exhausted her administrative remedies by timely filing a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission and files this complaint within ninety (90) days of receipt of her Notice of Right to Sue.

8. A substantial part of the events, transactions, and occurrences concerning this case arose in the geographical environs of the Southern District of Indiana; therefore, venue is proper in this Court.

### IV. FACTUAL ALLEGATIONS

9. Dyson, who is female, was hired by the Defendant on or about March 16, 2016. She held the position of Director of Human Resources upon her discharge on or about June 18, 2019.

10. At all times relevant, Dyson met or exceeded Defendant's legitimate performance expectations.

11. Dyson was the only female who held a Director-level position with the Defendant. The other five Director-level positions were held by Mark Congdon, Jeff Griffiths, David Stiger, Shane Majetich, and Zollen Banks.

12. Dyson was paid an annual salary of $77,000; her male counterparts were paid over $100,000 per year and were referred to as "The Boys."

13.     Defendant's CEO is Steve Lacy; the Executive Director was Mark Wallbom; the COO was Tom Hayes, and its CFO was Randall Wilson, to whom Dyson directly reported.

14.     During her tenure, Dyson opinion and suggestions were – many times - ignored due to her gender. Moreover, there were quarterly meetings of Directors and upper-level management; however, Dyson was excluded from those meetings because the males wanted to be able to "speak freely" and they were concerned about "EEOC Charges." Dyson had previously engaged in a protected activity when she reported Griffiths for making sexually harassing remarks to female employees and the Defendant's solution was to remove Dyson from the meetings.

15.     Additionally, Dyson's male peer, Jason Todd, was invited to these meetings and to dinner with Mr. Hayes and the Directors, if they were in town, while Dyson was excluded. Further, Mr. Todd was paid more than Dyson despite his poor performance and Payroll being transferred from him to Dyson.

16.     When Dyson was reassigned to report to Wilson, CFO, around December 2017, Wilson stated to Dyson that she would be more involved in the Director conference calls regarding finance, budget, etc. Dyson regularly tried to have meetings and address HR issues and projects she was handling with Wilson; however, many times these requests were ignored or forwarded to Operations.

17.     For the two years prior to her termination, Dyson's male peers received higher merit pay increases.  In 2018 the male Controller received the standard 3%

increase plus a $5000 merit increase.  Dyson received only a 3% standard increase even thought she performed substantially more job duties.  Even when the Defendant went through a fair pay review and it was revealed how underpaid Dyson was, Defendant refused to increase her salary.

18.     On or about June 18, 2019, Dyson was terminated from her position.  Defendant contended that it was merging the HR and Safety departments and Dyson's position was given to a male.  Moreover, Dyson was not allowed to apply for the position.  Dyson was given no training in her position, she was subjected to a hostile work environment due to her sex, subjected to different terms and conditions of employment due to her sex, paid less than similarly-situated males, and terminated on the basis of her sex and/or for having engaged in a protected activity.

## V.  LEGAL ALLEGATIONS

### COUNT II – SEX DISCRIMINATION

19.     Paragraphs one (1) through eighteen (18) of Dyson's Complaint are hereby incorporated.

20.     Defendant violated Dyson's rights as protected by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq* by subjecting her to disparate treatment, a hostile work environment, paying her less than similarly-situated males, and terminating her employment because of her sex.

21.     Defendant's actions were intentional, willful and in reckless disregard of Dyson's rights as protected by Title VII.

22.     Dyson has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

### COUNT II: RETALIATION

23.     Paragraphs one (1) through twenty-two (22) of Dyson's Complaint are hereby incorporated.

24.     Defendant unlawfully retaliated against Dyson by terminating her employment after she engaged in a protected activity.

25.     Defendant's actions were intentional, willful, and in reckless disregard of Dyson's rights as protected by Title VII.

26.     Dyson suffered damages as a result of Defendant's unlawful actions.

### VI.  REQUESTED RELIEF

WHEREFORE, Plaintiff, Diana Dyson, by counsel, respectfully requests that this Court find for Plaintiff and:

1.     Reinstate Plaintiff to the position, salary and seniority level she would have enjoyed but for Defendant's unlawful employment actions, or award her front pay in lieu thereof;

2.     Pay Plaintiff's lost wages and benefits;

3.     Pay to Plaintiff compensatory damages, damages for emotional distress and payment of uncovered medical bills and/or insurance premiums,

4.     Pay to Plaintiff punitive damages;

5.     Pay to Plaintiff pre- and post-judgment interest;

6. Pay Plaintiff's costs and attorney fees incurred in litigating this action; and,

7. Provide any further equitable relief this Court sees fit to grant.

Respectfully submitted,

/s/ Lauren E. Berger
Lauren E. Berger, Atty. No. 29826-19
Kyle F. Biesecker, Atty. No. 24095-49
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, IN 47708
Telephone:   (812) 424-1000
Facsimile:    (812) 424-1005
Email:         lberger@bdlegal.com
                    kfb@bdlegal.com

*Attorneys for Plaintiff, Diana Dyson*

## **DEMAND FOR JURY TRIAL**

The Plaintiff, Diana Dyson, by counsel, respectfully requests a jury trial for all issues deemed triable by jury.

Respectfully submitted,

/s/ Lauren E. Berger
Lauren E. Berger, Atty. No. 29826-19
Kyle F. Biesecker, Atty. No. 24095-49
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, IN 47708
Telephone:   (812) 424-1000
Facsimile:    (812) 424-1005
Email:          lberger@bdlegal.com
                    kfb@bdlegal.com

*Attorneys for Plaintiff, Diana Dyson*