**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**EVANSVILLE DIVISION**

| | | |
|---|---|---|
| **DIANA DYSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CAUSE NO: 3:20-cv-134-RLY-MPB** |
| | ) | |
| **HYDROMAX USA, LLC** | ) | |
| | ) | |
| **Defendant.** | ) | |

**PLAINTIFF'S PRELIMINARY LIST OF EXHIBITS**

Pursuant to the Case Management Plan approved by this Court, Plaintiff, Diana Dyson, by counsel, respectfully submits the following as her preliminary list of exhibits that may be relied upon at the trial of this matter, other than those that may be used solely for purposes of impeachment or rebuttal.

1. All pleadings in this action;

2. All documents produced during discovery in this action;

3. All depositions and documents used during depositions related to this action;

4. All documents identified in Defendant's exhibit lists;

5. All documents relating to Plaintiff's employment with Defendant;

6. Plaintiff's complete personnel and/or employment file(s);

7. Plaintiff's payroll records, time records, and/or attendance records;

8. Any and all documents, manuals, handbooks, policies, procedures, notices, and/or directives, and any and all subsequent revisions thereof that reflect Defendant's policies regarding Title VII and its amendments;

9. Any and all documents, memoranda, or notes created prior to, contemporaneous with, or subsequent to any evaluation, formal or informal, of Plaintiff's job performance;

10. Any and all documents, notices, correspondences (including e-mails), letters, and/or notes given and/or sent to Plaintiff by Defendant and/or any agent and/or employee thereof for the time period of 2017 thru the present;

11. Any and all documents, notices, correspondences (including e-mails), letters, and/or notes received by Defendant and/or any agent and/or employee thereof from Plaintiff for the time period of 2017 thru the present;

12. All statements and memos from, or relating to, witnesses or potential witnesses or persons contacted in connection with this case;

13. Any and all documents, e-mails, letters, notes, tape recordings, or other memoranda given to or received from anyone at Defendant regarding Plaintiff;

14. Any and all documents obtained from any third-party request for production and/or subpoena with this case;

15. Any and all personnel files/records for Plaintiff's supervisor(s);

16. Any and all documents, including but not limited to personnel files for any other individual who is similarly-situated to Plaintiff;

17. Any and all investigation files, notes, and documents relating to any investigation into Plaintiff's report of complaints of discrimination, harassment, and/or hostile work environment;

18. The complete personnel file, including pay records, for Jason Todd;

19. Any and all documents relating to Plaintiff's Charges of Discrimination filed with the EEOC;

20. Any and all correspondence, documents, memoranda, or notes that reference or relate to Plaintiff's employment with Defendant, including any documents relating to the decision to terminate Plaintiff's employment;

21. All organizational charts, personnel charts, descriptions, or other documents showing the identities, titles, and/or responsibilities of each person identified as being involved in the decision to separate Plaintiff from employment;

22. Any and all documents evincing any investigation into complaints made by or on behalf of Plaintiff;

23. Any and all pay records for Defendant's Director-level employees;

24. Plaintiff's Job Description;

25. Controller Job Description;

26. The complete personnel file for Plaintiff's replacement;

27. Any and all documents evincing the budgets for salaries and merit increases for 2018;

28. Any and all documents, correspondence, memoranda or notes that reference or relate to complaints by Kim Waite, Melanie Ho, and/or any other female employees who reported issues to Plaintiff;

29. Any and all exhibits subsequently identified; and,

30. Any and all exhibits necessary for impeachment or rebuttal purposes.

Discovery is ongoing and, therefore, additional exhibits may be identified. Plaintiff hereby reserves the right to supplement or otherwise amend the foregoing list of exhibits. If Plaintiff identifies any additional exhibits, Defendant will be promptly notified.

Respectfully submitted,

By: /s/ Lauren E. Berger
Kyle F. Biesecker, Atty. No. 24095-49
Lauren E. Berger, Atty. No. 29826-19
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana 47708
Telephone: (812) 424-1000
Facsimile: (812) 424-1005
E-Mail: kfb@bdlegal.com
lberger@bdlegal.com
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 16, 2020, a copy of the foregoing *Plaintiff's Preliminary List of Exhibits* was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.

Heather L. Wilson, hwilson@fbtlaw.com
Toni M. Everton, teverton@fbtlaw.com
FROST BROWN TODD LLC

s/ Lauren E. Berger
Lauren E. Berger